SEC v. Koji Goto, et al.                    CV-03-490-JD  11/14/03
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Securities and Exchange
Commission

        v.                              Civil No. 03-490-JD
                                        Opinion No. 2003 DNH 194
Koji Goto, et al.


                    TEMPORARY RESTRAINING ORDER,
                        ORDER FREEZING ASSETS
                 AND ORDER FOR OTHER EQUITABLE RELIEF


        Having considered the Emergency Ex Parte Motion for a

Temporary Restraining Order, Order Freezing Assets and Order for

Other Equitable Relief filed by plaintiff Securities and Exchange

Commission ("Commission") as well as the Complaint, the

Commission's memorandum of law and accompanying declarations and

exhibits filed in support of the motion, the court has determined

that the Commission has made a proper showing (i) of a likelihood

of success on its claims that defendant KOJI GOTO ("GOTO"),

directly or indirectly violated Section 17(a) of the Securities

Act of 1933 and Section 10b and Rule 10b-5 of the Securities

Exchange Act of 1934, through his activities related to Epic

Investment Partners and Coyote Dogs; (ii) that there is a

reasonable likelihood that GOTO will repeat or continue those

violations; (iii) that GOTO has invoked the Fifth Amendment

before the Commission staff in response to questioning about his

activities; (iv) that a substantial amount of money and a number

of investors are implicated in GOTO's activities; (v) that unless restrained, GOTO and relief defendant SHALEEN CASSILY ("CASSILY") may dissipate, conceal, or transfer from the jurisdiction of this court assets which could be subject to court orders; and (vi) that in consideration of the likelihood of success, a balance of the equities involved, and the likelihood of irreparable harm, temporary ex parte injunctive relief is necessary to preserve the status quo and is in the public interest.

NOW THEREFORE, pending determination of the Commission's motion for a preliminary injunction:

I.

IT IS ORDERED that GOTO and each of his agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including by facsimile transmission, electronic mail or overnight delivery service, are hereby restrained from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

(a) employing any device, scheme or artifice to defraud;

2

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## II.

IT IS FURTHER ORDERED that GOTO and each of his agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including by facsimile transmission, electronic mail or overnight delivery service, are restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility or any national securities exchange,

(a) employing any device, scheme or artifice to defraud;

(b) obtaining any money or property by means of any

3

untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in the offer or sale of any securities.

III.

IT IS FURTHER ORDERED, pending further order of this court, that:

1. GOTO and each of his agents, servants, employees and attorneys including, but not limited to, Epic Capital Investments, LLC; Epic Partners Group; Coyote Dogs LLC (a New Hampshire limited liability company); J.H. Business Services LLC; Sigma Online North America, LLC; 337 Amherst Street, Nashua; Koji Goto Tele-Communications, LLC; Q-Holdings LLC; Business Services/Koji Gota DBA, Packet-Tel LLC; and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including by facsimile transmission, electronic mail or overnight delivery service, shall hold and retain any and all funds and other assets

4

held for the direct or indirect benefit, or under the direct or indirect control of GOTO, in whatever form such funds and other assets may presently exist, shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value or other disposal of any such funds and other assets, and shall not transfer, encumber, dissipate, incur charges or cash advances on any credit card, or otherwise dispose of any funds, property, or other assets of any kind, and shall freeze such funds and other assets pending further order of this court, including but not limited to such funds held in the following accounts:

| Financial or Securities Institution | Account Name | Account No. (if known) |
|---|---|---|
| Fleet Bank | Epic Investment Capital LLC | 94200-05052 |
| Fleet Bank | J.H. Business Services LLC | 94181-63318 93991-74192 |
| Fleet Bank | 337 Amherst St. Nashua | 93991-74045 |
| Fleet Bank | Sigma Online North America LLC | 94181-64169 |
| Fleet Bank | Koji Goto Tele-Communications LLC | 93991-74205 |
| Fleet Bank | Koji Goto/Shaleen Goto | 94231-30764 |
| Fleet Bank | Koji Goto/Shaleen Goto | 94469-19506 |
| Fleet Bank | Q-Holdings LLC | 94645-44015 94200-04244 |
| Fleet Bank | Koji Goto/Janelle Fahy | 94679-48908 |
| Fleet Bank | Coyote Dog LLC | 94645-44082 |

5

| Fleet Bank | Business Services/Koji Gota DBA | 04003-82719 |
| Fleet Bank | Koji Goto (Home Equity) | 7082001265497.00 |
| Fleet Bank | Koji Goto/Shaleen Cassily | 1010013750 |

2. All banks, brokerage and other financial institutions and other persons and entities which receive actual notice of this order by personal service or otherwise, including by facsimile transmission, electronic mail or overnight delivery service, and which hold any funds or other assets for the direct or indirect benefit, or under the direct or indirect control of GOTO, in whatever form such assets may presently exist, including, but not limited to, any and all such funds and other assets held in the accounts listed in Paragraph III(1), shall hold and retain within their control and prohibit the withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value or other disposal of any funds and other assets, and that such funds and assets are hereby frozen.

IV.

IT IS FURTHER ORDERED, pending further order of this court, that:

1. CASSILY and each of her agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal

6

service or otherwise, including by facsimile transmission, electronic mail or overnight delivery service, shall hold and retain all funds and other assets held for the direct or indirect benefit, or under the direct or indirect control of CASSILY, in whatever form such funds and other assets may presently exist, shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value or other disposal of any such funds and other assets, including but not limited to the real property located at 22 Steeple View Lane, Bedford, New Hampshire, and shall not transfer, encumber, dissipate, incur charges or cash advances on any credit card, or otherwise dispose of any funds, property, or other assets of any kind, including but not limited to the real property located at 22 Steeple View Lane, Bedford, New Hampshire, and shall freeze such funds and other assets pending further order of this court, including but not limited to such funds held in the following accounts:

| Financial or Securities Institution | Account Name | Account No. (if known) |
|---|---|---|
| Fleet Bank | Koji Goto/Shaleen Goto | 94231-30764 |
| Fleet Bank | Koji Goto/Shaleen Goto | 94469-19506 |
| Centrix Bank & Trust | Koji Goto/Shaleen Cassily | 1010013750 |
| HarrisDirect | Shaleen Cassily | 631-525060 |

2. All bank, brokerage and other financial institutions and other persons and entities which receive actual notice of this order by personal service or otherwise, including by facsimile transmission, electronic mail or overnight delivery service, and which hold any funds or other assets for the direct or indirect benefit, or under the direct or indirect control of CASSILY, in whatever form such assets may presently exist, including, but not limited to, any and all such funds and other assets held in the accounts listed in paragraph IV(1), shall hold and retain within their control and prohibit the withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value or other disposal of any such funds and other assets and that such funds and assets are hereby frozen.

V.

IT IS FURTHER ORDERED that all persons who possess the direct or indirect proceeds of payments to Epic Investment Capital or Coyote Dogs which were transferred, or the proceeds of which were transferred, in whole or in part, to or for the benefit of either GOTO or CASSILY, in whatever form such funds or assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission or overnight delivery service, and each of them, shall hold and retain such funds and assets and shall prevent any

8

withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or assets, which are hereby frozen.

## VI.

IT IS FURTHER ORDERED that GOTO and CASSILY, and each of their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including facsimile transmissions or overnight delivery service, and each of them, shall within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the court in an interest bearing account, any and all funds or assets that were obtained directly or indirectly from investors that presently may be located outside of the United States.

## VII.

IT IS FURTHER ORDERED that GOTO and CASSILY shall submit in writing, within seven (7) business days following service of this order upon them, the following information:

1.    The name, address, and telephone number of each person who made a payment to Epic Investment Capital or Coyote Dogs which was transferred, or the proceeds of which were transferred,

9

in whole or in part, to or for the benefit of either GOTO or CASSILY, together with the amount and date of each payment and the present location of each payment or its proceeds;

2. All assets with a value of at least one thousand dollars ($1,000) held for the direct or indirect benefit, or subject to the direct or indirect control, of GOTO or CASSILY, whether in the United States or elsewhere, describing each asset and its current value and location, and including but not limited to all accounts maintained at any bank, broker-dealer, or other financial institution in the United States or elsewhere; and

3. All transfers or dispositions of funds or other assets with a value of at least one thousand dollars ($1,000) executed by or on behalf or at the direction of GOTO or CASSILY from June 1, 2002 through the date the information is provided, including the name, address, and any account-identifying information of each person or entity from and to whom each transfer or disposition was made and the date and amount of the transfer or disposition.

VIII.

IT IS FURTHER ORDERED that GOTO and CASSILY shall submit in writing to the Commission, within seven (7) business days following service of this order upon them, a list of all street and mailing addresses (including but not limited to postal box

10

numbers), telephone or facsimile transmission numbers (including number of pagers and mobile telephones), electronic mail addresses, safety deposit boxes and storage facilities used by either or under either's direct or indirect control, at any time since June 1, 2002.

## IX.

IT IS FURTHER ORDERED that GOTO and CASSILY and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including by facsimile transmission, electronic mail or overnight delivery service, are restrained from destroying, mutilating, concealing, altering, or disposing of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to GOTO and CASSILY or any of their securities, financial or other business dealings.

## X.

IT IS FURTHER ORDERED that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, service of all pleadings and other papers to be served in this action, except the Summons,

Complaint, and this order, may be made personally, by facsimile transmission, by overnight deliver service, or as this court may direct by further order and that service of the Summons, Complaint, and this order shall be made pursuant to Rule 4 of the Federal Rules of Civil Procedure or as this court may further order.

## XI.

IT IS FURTHER ORDERED that GOTO and CASSILY shall each serve the statements and accountings required by this order and all other filings in this action on counsel for the Commission by messenger, overnight delivery service, or by facsimile to Gary Grassey, Esquire, U.S. Securities and Exchange Commission, 73 Tremont Street, 6th Floor, Boston, Massachusetts 02108, facsimile number (617) 424-5940.

## XII.

IT IS FURTHER ORDERED that the hearing on the Commission's motion for preliminary injunction, shall take place on December 3, 2003, at 9:30 a.m. before the magistrate judge. All parties shall serve and file their briefs and evidence, if any, in support of or in opposition to the preliminary injunction for receipt three (3) days before the date established in this Order for a hearing on the Commission's motion for preliminary

12

injunction.

This order shall expire at noon on November 24, 2003, unless extended by further order of the court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 14, 2003

cc:   Ira Roffman, Esquire